UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BARON JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-2766** |
| **HARVEY STATE BUILDING, ET AL.** | **SECTION: "H"(3)** |

### REPORT AND RECOMMENDATION

Having reviewed the complaint, the Court finds that plaintiff has failed to comply with the most rudimentary pleading requirements,[1] much less state a claim on which relief may be granted. However, because plaintiff is proceeding *pro se*,[2] the Court afforded him an opportunity to correct that defect by filing an amended complaint.

Thus, on July 27, 2015, this Court ordered plaintiff to file an amended complaint which

---

[1] The United States Supreme Court has noted:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citations, quotation marks, and brackets omitted). Therefore, while a plaintiff is not required to set out in detail all the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give the defendants fair notice of the claim and the grounds upon which it rests. Boudeloche v. Grow Chemical Coatings Corp., 728 F.2d 759, 761-62 (5th Cir. 1984); In re "Santa Barbara Like It Is Today" Copyright, 94 F.R.D. 105, 107-08 (D. Nev. 1982).

[2] The Court notes that Johnson is a frequent filer in this Court, having filed no less than 20 lawsuits against various defendants.

would include a short and plain statement of each claim that he wishes to assert against the defendants on or before August 27, 2015.  In bold print, the Court noted that if plaintiff failed to file an amended complaint as ordered, the undersigned would recommend that his lawsuit be dismissed.

Plaintiff has failed to file an amended complaint as ordered.  Accordingly,

**IT IS RECOMMENDED** that plaintiff's complaint be dismissed without prejudice for failure to comply with this Court's July 27, 2015 Order.

New Orleans, Louisiana, this 1st day of September, 2015.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**